**FIFTH DIVISION
RICKMAN, C. J.,
MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 10, 2023**

# In the Court of Appeals of Georgia

A21A0001. GILLER et al. v. SLOSBERG.

PHIPPS, Senior Appellate Judge.

This case involves a contentious family dispute among siblings over the effect of an in terrorem clause in a trust instrument that was executed by their elderly father. Robert Slosberg, the brother, filed a lawsuit alleging, among other things, that Suzanne Giller and Lynne Amy Seidner, his sisters, unduly influenced their father to change the trust instrument and include within it an in terrorem clause disinheriting any beneficiary who challenged the terms of the instrument. The jury agreed, and the trial court entered a final judgment on the jury's verdict, imposing a constructive trust in favor of Slosberg for $1,056,482.31, which the court determined was his one-third share of the accounts, plus prejudgment interest, post-judgment interest, and costs. The sisters appealed, and this Court issued an opinion reversing the trial court's

judgment and remanding the case, specifically holding that (i) the in terrorem clause barred Slosberg's claim as to the trust and resulted in his forfeiture of any benefits from the trust, *Giller v. Slosberg*, 359 Ga. App. 867, 869-873 (1) (858 SE2d 747) (2021) ("*Slosberg I*"), (ii) the trial court erred by imposing a constructive trust without making a finding of unjust enrichment or limiting its award to the amount of any unjust enrichment, id. at 873-877 (2), and (iii) if on remand the court determined that the imposition of a constructive trust was proper, the court should consider whether it erred in awarding prejudgment interest and funds that Slosberg may already have received, id. at 977 (3).

In *Slosberg v. Giller*, 314 Ga. 89 (876 SE2d 228) (2022) ("*Slosberg II*"), the Supreme Court of Georgia concluded that this Court erred by determining that the in terrorem clause barred Slosberg's undue-influence claim. Id. at 107-108 (3). The Supreme Court concluded that the trust and its in terrorem clause were rendered void and without effect when the jury determined that the trust was procured by undue influence, and the Court therefore reversed that part of our decision. Id. at 102-108 (3). In its opinion, however, the Supreme Court specifically noted that Slosberg did not seek, and it did not grant, certiorari to address whether the trial court erred in imposing a constructive trust or in awarding prejudgment interest and funds that

2

Slosberg had already received. Id. at 94 (1) (c), n. 7. The Supreme Court directed this Court "to remand the case to the trial court for further proceedings consistent with" its opinion. Id. at 108 (3).

Accordingly, we vacate Division 1 of our opinion in *Slosberg I*, adopt the opinion of the Supreme Court in *Slosberg II* with respect to that division, affirm the trial court's ruling that the trust instrument is void, and remand the case to the trial court for further proceedings consistent with the Supreme Court's opinion regarding the issues addressed in Divisions 2 and 3 of this Court's opinion in *Slosberg I*.

*Judgment affirmed in part and reversed in part and case remanded with direction. Rickman, C. J., and McFadden, P. J., concur.*